[No. 10701.   Department One.   November 12, 1912.]

JESSIE M. BEDOLFE, *Appellant*, v. ROBERT D. BEDOLFE, *Respondent*.[1]

VENUE — CHANGE—BIAS OF JUDGE—TIME.   An application for change of venue on account of the bias of the judge, made in a proceeding to modify a decree of divorce respecting the custody of a child, is in time if made at the first appearance of the respondent in such proceeding.

VENUE—CHANGE—BIAS OF JUDGE—SCOPE OF ACT.   Laws 1911, p. 617, authorizing a change of venue on account of the bias of the judge applies to a proceeding to modify a decree of divorce respecting the custody of a child.

DIVORCE—DECREE—CUSTODY OF CHILD—OPERATION AND EFFECT. Where a decree of divorce awarded the custody of one child to the wife and of one child to the husband, with the right to both parties to visit the children, and after the husband had sent his child outside of the state to its paternal grandparents, the court denied an application to modify the decree, but confirmed it, the original decree will not be interpreted as requiring that the child be kept within the jurisdiction of the court.

DIVORCE—CUSTODY OF CHILD—RIGHT OF VISITATION—MODIFICATION OF DECREE.   Where the wife is denied the right to visit the child as provided in the decree, by reason of the hostility of the paternal grandparents having custody of the child, she may apply to the court of first instance for a modification of the decree or for a rule against the defendant for contempt; but the right to visit a child is not absolute and must yield to the welfare of the child.

Appeal from an order of the superior court for Pierce county, Easterday, J., entered May 25, 1912, upon findings in favor of the defendant, refusing to modify decree of divorce.   Affirmed.

*Myron C. Cramer* and *M. J. Gordon*, for appellant.

*Hayden & Langhorne*, for respondent.

GOSE, J.—This is an application for the modification of the decree entered in a divorce action between the appellant and the respondent.   The appellant sought to modify the

[1]Reported in 127 Pac. 594.

decree so that it would expressly provide that the minor child, whose custody was awarded to the respondent, should not be taken out of the jurisdiction of the court of first instance. The court refused the modification, and refused to require respondent to return the child to its jurisdiction. This appeal resulted.

The petition was filed in the court wherein the original decree was granted. Upon the application of the respondent, conformably to the statute (Laws 1911, page 617), the proceeding was transferred to another department of the same court. The appellant's first contention is that the application was not timely. So far as the record discloses, it was made upon the first appearance of the respondent in the proceeding. This suffices.

It is next argued that an application for the modification of a decree in a divorce action is a continuation of the original case, and hence that the statute does not apply. We think the premise is sound, but that the conclusion does not follow. The statute in positive terms provides that no judge of a superior court "shall sit to hear or try any action or proceeding" when his prejudice shall have been established in the manner therein provided. The right to a change of judges is purely statutory, and does not exist except in those instances where the statute gives it. This rule is recognized in the authorities cited by the appellant. This is a proceeding in the original action. The original decree was entered on the 8th day of May, 1911. The petition in this proceeding was filed in February, 1912. After the original case had gone to final judgment, the statute became applicable to any subsequent proceeding in the original case. Our lawmakers, in recognition of the fact that it was just as essential for a litigant to feel that he had had a fair trial as it was that he should have a fair trial in fact, enacted the law.

The original decree, after awarding the custody of the younger of the two children to the appellant, provided:

"Ordered, adjudged and decreed that the defendant have the care, custody and control of the minor child, Florence Rowena Bedolfe; and it is further ordered, adjudged and decreed that each party hereto shall have the right to visit the respective child awarded to the other at all reasonable times during reasonable hours of the day."

At the time of the entry of the decree, both the appellant and respondent resided, and now reside, in the city of Tacoma. The respondent placed the child with her maternal grandmother until some time in January, 1912, when he took her to his parents at North Fork, in the state of Oregon. On December 11, 1911, about seven months after the entry of the decree of divorce, the appellant remarried. The order in this proceeding contains the following language:

"Ordered, adjudged and decreed that the said application be and the same is hereby denied, and that said decree heretofore rendered herein on the 8th day of May, 1912, be and the same is hereby confirmed, and the said decree does hereby stand as originally entered."

The appellant argues that the original decree fairly implies that the child should be kept within the jurisdiction of the court that entered the decree. It may be susceptible of that interpretation. It is apparent, however, that the trial court did not so interpret it, and that its intention was that the child should remain with the paternal grandparents and without the state.

The evidence shows that, at the time of the trial, North Fork, Oregon, where the child was kept, was accessible only by traveling upon the caboose of a work train or by wagon road. It further shows that the child is being well cared for, and that her welfare does not demand that she be returned to the jurisdiction of the trial court. The appellant visited the child some time in February. The respondent's father at that time disclosed a marked hostility to her. From this fact it is argued that the spirit of the decree permitting her to visit her daughter would be defeated if the child is not

taken from her paternal grandparents. The privilege of visitation of the parent is an important one, but it is not an absolute right, nor is it the paramount consideration; it must yield to the good of the child, which is in the last analysis the controlling consideration. The respondent has no relatives in the city of Tacoma, and we think the learned trial court rightly concluded that the child's welfare would not be promoted by returning her to her maternal grandmother. We deem it proper, however, to say that the decree gives the appellant the right to visit the child, and that this right cannot be denied her by placing the child where appellant will be met by insulting epithets when in the exercise thereof. It is not necessary to repeat the shocking language which the respondent's father applied to the appellant. If he or any member of his household in the future treats her with such incivility, when she is visiting her daughter, as to deter her from continuing her visits, she may again apply to the court of first instance for a modification of the decree, or for a rule on the respondent to show cause why he should not be punished as for a contempt.

The order is affirmed.

Mount, C. J., Crow, Parker, and Chadwick, JJ., concur.