[No. 11554.    Department One.    November 29, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Adam Beeler, as Receiver etc., Plaintiff*, v. EVERETT SMITH, *as Judge etc., Respondent.*[1]

VENUE—CHANGE—BIAS OF JUDGE—TIME FOR APPLICATION—RULES OF COURT. A rule of court in a county where there were nine departments, requiring applications for change of venue on account of the bias of the judge to be made prior to the setting of the cause for trial, is unreasonable and in contravention of the statute, where it could not then be known what judge would be assigned to the department in which the case was set for trial.

Application filed in the supreme court September 23, 1913, for a writ of prohibition against proceeding with the trial of a cause. Granted.

*Lyter & Folsom*, for petitioner.

*Brightman, Halverstadt & Tennant*, for respondent.

GOSE, J.—This case is before us on an alternative writ of prohibition. The facts shown by the record are these: On the 26th day of March, 1913, the relator commenced an action in the superior court of King county against Annette Loder, for the recovery of a money judgment. She appeared and answered on the 28th day of April. The relator served and filed a reply on the 8th day of May. On the 26th day of June the cause "was assigned for trial in Department No. 9" of the superior court of King county, before the respondent judge, who then set the case for trial on September 15. These orders were made in the absence of counsel for the respective parties, and without notice to them. Between the

[1]Reported in 136 Pac. 678.

28th day of June and the 6th day of September, the motion calendar was not called or heard in department 9 on account of the summer vacation of the judges. On the 10th day of September, the relator duly served and filed his motion and affidavit for a change of judges, in harmony with Laws 1911, page 617 (3 Rem. & Bal. Code, § 209-1). The motion was noticed for hearing on the 13th day of September, the regular motion day of the court. The motion was denied on the 16th day of September "on the ground that said motion was not timely made." On the 15th day of September, the cause was continued for trial on the application of the defendant in the original cause, and reset for trial in department 9 for the 8th day of October.

Prior to the commencement of this action, the judges of the superior court of King county, being nine in number, adopted a rule, which has since been in force, requiring all applications for a change of judges under the law of 1911 to be made prior to the setting of the cause for trial. The motion was denied because of the failure of the relator to comply with this rule of the court.

We have held that motions of this character must be granted if they are timely made. *State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 118 Pac. 40; *State ex rel. Jones v. Gay*, 65 Wash. 629, 118 Pac. 830; *Garvey v. Skamser*, 69 Wash. 259, 124 Pac. 688; *Bedolfe v. Bedolfe*, 71 Wash. 60, 127 Pac. 594. We think, upon the facts stated, the motion was timely and should have been granted. We do not hold that the rules of the superior court to which reference has been made would in all cases be unreasonable. Court rules are necessary for orderly procedure in the administration of justice. Rem. & Bal. Code, § 36 (P. C. 127 § 185). The record, however, shows that there are nine superior judges in King county, and there is nothing in the record which tends to show that the relator knew to which judge the case would be assigned until it was actually assigned and set for trial. The allegation in the petition is that the case was as-

signed for trial in department 9 on the 26th day of June, and that it was set for trial upon the same day, and that these orders were made in the absence of counsel. It is manifest, therefore, that relator was not required to file an affidavit of prejudice until he knew the judge to whom the case had been assigned, or by some rule of court or statute he was charged with such knowledge. It follows that the rule, as applied to the facts of the case at bar, is unreasonable and in contravention of both the letter and the spirit of the statute. If the record showed that the relator had had notice of the judge who was to try his case, for a reasonable time before the case was set for trial, his application under the rule would not be timely. Limiting the case to the facts shown in the record, the application was timely.

The writ will be made permanent.

CROW, C. J., CHADWICK, ELLIS, and MAIN, JJ., concur.