[No. 18249.   Department One.   November 7, 1923.]

THE STATE OF WASHINGTON, *on the Relation of* MORRIS BUTTNICK, *Petitioner,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

DIVORCE—ALIMONY—MODIFICATION OF DECREE.   A decree of divorce, awarding alimony, is not subject to the statutory limitation of one year within which to move for a modification; but the court retains jurisdiction to modify the allowance for alimony, especially where the allowance was "until the further order of the court."

VENUE (18)—CHANGE OF JUDGES—PREJUDICE OF JUDGE—MODIFICATION OF JUDGMENT—NEW FACTS ARISING.   A motion to modify an award of alimony, confined to subsequently accruing payments, after the lapse of two years since the entry of the decree, is a "proceeding" within the meaning of Rem. Comp. Stat., § 209-1, in which the moving party is entitled to ask a change of judges on the ground of prejudice, upon the assignment of the hearing to the judge who signed the original decree.

Petition for a writ of mandamus filed in the supreme court September 28, 1923, to compel the superior court for King county, Hall, J., to grant a change of judges. Granted.

[1]Reported in 219 Pac. 862.

*Arthur C. Bannon* and *Tucker & Hyland,* for appellant.

*Green & Henry* and *J. E. McGrew,* for respondents.

MITCHELL, J.—This is an application for a writ of mandate to compel the respondent, one of the judges of the superior court for King county, to grant relator's motion and affidavit for a change of judge in the hearing of a petition for a modification of a judgment against him in a separate maintenance action. The application for a change of judge was made under Rem. Comp. Stat., § 209-1 [P. C. § 8546].

The affidavit here shows that an application was made to the superior court showing that, more than two years ago, the judgment sought to be modified was entered by Honorable Calvin S. Hall, one of the judges of the superior court, and that it provided for the payment, among other things, of $200 per month for the support of the wife and two minor children "until the further order of the court." That the application to the superior court, dated July, 1923, to modify the judgment, alleged that conditions and circumstances had changed and a different state of facts existed, among other things, in that the children were no longer minors, the younger having recently reached the age of majority, that his wife was better provided for at her home by way of furnishings than formerly, and that he was in bad health, had been confined in jail more than a year, and has no way of earning money except by his personal labor. It is further shown, in the application in this court, that, upon presenting the petition to the presiding judge of the superior court and the procuring of process against Mrs. Buttnick, wife of relator, the cause was referred to another department of the superior court for hearing on the merits, which

other department, in turn, ordered the case to the department of the respondent herein; and at once the relator filed the statutory affidavit of prejudice against respondent, Honorable Calvin S. Hall, together with a motion for a transfer of the cause to another department than his, and that the motion was denied.

In response to the complaint and affidavit in this court, the respondent makes no answer, but relies upon a demurrer, to the effect that the superior court of King county has no jurisdiction of nor right to hear the application made to that court, and that this court has no jurisdiction to hear the present application, except to dismiss it; and that the petition or affidavit here does not state facts sufficient to entitle the relator to any relief.

Upon the question of jurisdiction, the contention is that the judgment sought to be modified is a final one, and that there is no right to a modification of it since more than one year has expired after the date of the judgment. But that rule does not apply in the case of a judgment for support money in a separate maintenance action. In the case of *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721, we likened such a situation to that of a divorce *a mensa et thoro,* and said:

"In cases of divorce from bed and board, therefore, the courts of common law, exercising the powers formerly exercised by the ecclesiastical courts, have authority to modify decrees relating to alimony. The continued existence of the status of marriage, upon which the power to grant decrees of alimony depends, carries with it the continuing power to modify or alter the allowance of alimony to meet new conditions."

Further, however, the judgment sought to be modified provides by its terms for the payment of a stated amount *"until the further order of the court."*

Upon the second branch of the demurrer, certainly the affidavit in this court shows that the relator is entitled to relief, if his application for a change of judge should have been granted. The argument is made that it was too late to file an affidavit of prejudice against the judge after he had tried the original case and entered a judgment therein, and that such judge is the proper one to hear an application for a modification of the judgment. Ordinarily that is true, but we must determine this case as it is actually presented to us, and under the law applicable to its particular state of facts. In the relator's written argument in this court, it is stated:

"The relator does not seek to modify as to any portion of any order or decree that has accrued but only as to subsequent payments. He asks that he only be compelled to pay in the future what the court may deem reasonable according to his earning capacity and ability which it shall find."

The application made to the superior court is sufficient to authorize that inquiry, and under certain allegations of that application, already referred to hereinbefore, the case presented to the superior court is similar to that of *State ex rel. Foster v. Superior Court,* 95 Wash. 647, 164 Pac. 198, wherein it was held, as shown by the syllabus, as follows:

"A motion to modify a decree of divorce relating to the custody of a child, upon a new and different state of facts arising more than one year after rendition of the judgment, is a 'proceeding' within the meaning of Rem. Code, § 209-1, relating to a change of judges for bias in any action or proceeding; and hence application for the change of judges is timely when made at the time of presenting the motion."

In this view of the case, that the application for another judge was timely made cannot be denied. Let a

writ of mandate be issued commanding the respondent to grant the application for a change of judge.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.