[No. 19406. Department Two. December 8, 1925.]

*In the Matter of the Estate of* ROBERT N. LESLIE,
*an insane person.*

JOEL W. RUSSELL *et al., Appellants,* v. GRACE LESLIE,
*as Guardian etc., Respondent.*[1]

[1] VENUE (18)—CHANGE OF JUDGES—"NEW PROCEEDING"—FIXING ATTORNEY'S FEES IN GUARDIANSHIP. The determination of a guardian's fees under Rem. Comp. Stat., § 1586, is not a new "proceeding" within the meaning of the statute authorizing a change of judges in any action or "proceeding," upon the filing of an affidavit of prejudice.

[2] APPEAL (454)—REVIEW—HARMLESS ERROR — FACTS OTHERWISE ESTABLISHED. Error cannot be assigned upon the admission of testimony in an action tried to the court, where there was other evidence to sustain the findings.

[3] APPEAL (93)—RIGHT TO APPEAL — WAIVER — COMPLIANCE WITH JUDGMENT. Error cannot be assigned on removing attorneys for a guardian, where they complied with the order and presented their account as directed by the court.

[4] APPEAL (418)—REVIEW—FINDINGS—AMOUNT OF ATTORNEY'S FEES. The amount of attorney's fees in a guardianship matter will not be disturbed where the trial judge was fully conversant with the services rendered, and had had extensive experience in such matters, and justification for altering the amount does not appear.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 1, 1924, upon findings in favor of the guardian, in proceedings to fix the amount of attorney's fees, tried to the court. Affirmed.

*P. Pitt Shaw* and *J. W. Russell,* for appellants.

*C. T. Hardinger,* for respondent.

MACKINTOSH, J.—In August, 1924, Robert N. Leslie, whose family consisted of a wife and three minor chil-

[1]Reported in 241 Pac. 301.

dren, was arrested as an insane person. On August 8, an insanity hearing was had, and on that date he was adjudged insane and committed to the state hospital. The wife petitioned for her appointment as guardian, and an order was entered on August 25 making such appointment. The appellants acted as attorneys for Mrs. Leslie from the time of the arrest of her husband, and filed an affidavit of prejudice against the judge to whom had been assigned the hearing of the petition for appointment of guardian. In November, 1924, Mrs. Leslie moved the court for an order for the substitution of another attorney in place of the appellants, and an order for such substitution was made on November 7, the order containing a direction to the appellants to file their claim for fees and charges and to bring the same on for hearing. The appellants then filed, on November 12, their statement of the services which they had performed, and thereafter filed an affidavit of prejudice against the judge who had been in charge of the guardianship and to whom had been assigned for determination the amount of the appellants' fees. This motion for transfer was denied, the matter proceeded to hearing, and the amount of attorneys' fees was fixed. The appellants, being dissatisfied therewith, have appealed.

The first error is based upon the refusal of the court to grant a change of judge. The argument that this was error is fortified by reference to opinions of this court as they appear in *Bedolfe v. Bedolfe,* 71 Wash. 60, 127 Pac. 594; *Cooper v. Cooper,* 83 Wash. 85, 145 Pac. 66; *State ex rel. Foster v. Superior Court,* 95 Wash. 647, 164 Pac. 198; *State ex rel. Buttnick v. Superior Court,* 127 Wash. 101, 219 Pac. 862; all being cases where, after a final judgment in a divorce action, a modification of the decree had been sought, and this

court held that the subsequent action was a "proceeding" within the purview of § 209-1, Rem. Comp. Stat., and that an affidavit could be properly filed.

The case of *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291, held that, growing out of a criminal action, an action in contempt was a new "proceeding" and that a right existed for a change of judge. In the case of *State ex rel. Talens v. Holden*, 96 Wash. 35, 164 Pac. 595, a judgment of foreclosure had been entered and a sale of real estate had been had thereunder. An objection was then made to confirmation, and an affidavit of prejudice and a motion for a change of judge was presented. This court held that the matter of the confirmation was a "proceeding," and ordered the motion for a change of judge to be granted. It will be noted in these cases that the motion for a change was granted after the judgment in the original proceeding.

[1] Under Rem. Comp. Stat., § 1586, the guardian's attorney in guardianship proceedings is allowed compensation fixed by the court as reasonable. The fixing of that fee is a part of the regular proceeding in the guardianship. It is not an adverse proceeding, and is a matter which the attorney, when he enters upon his employment as such for the guardian, knows will be passed on by the court, and he and his client will be bound by the court's determination, subject, of course, to review if an appeal is had. The attorneys are not brought into court in a new "proceeding" when they are required to appear and have the matter of their fees adjusted. It is a regular step in the regular course of guardianship, and to allow a change of judge to be had in this instance would be to allow it to be had at every successive step in the settlement of an estate.

[2]   The second point argued is that an expert witness was allowed to testify, not upon a hypothetical question, but upon part of the testimony in the case which he had heard.  The case having been tried by the court without a jury, this testimony, if improperly admitted, may be entirely disregarded and the settlement of the amount of the attorneys' fees lying with the court, the testimony of this witness, about which the appellants complain, will not be considered.

[3]   The next error asserted is the action of the court in removing appellants as attorneys for the guardian.  If there is any merit in this contention, the right to assert it has been waived, for the reason that appellants complied with the order of the court removing them and proceeded to present their account, as directed by the court.

[4]   The last error relates to the amount of the fees allowed.  The trial court, being fully conversant with all the steps that had taken place in the guardianship, was better able to determine than we are the value of the estate and what had been done to preserve it.  He had been a lawyer of extensive practice for many years and had been a judge of experience in such matters, and we do not feel justified in altering the amount which he has determined is a fair and reasonable compensation.

The judgment is therefore affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.