[No. 26118.   Department Two.   May 4, 1936.]

THE STATE OF WASHINGTON, *on the Relation of American Society of Composers, Authors and Publishers, Plaintiff,* v. D. F. WRIGHT, *as Judge of the Superior Court for Thurston County, Respondent.*[1]

*Ryan, Askren & Ryan, Palmer, Askren & Brethorst, H. W. Haugland,* and *Vanderveer & Bassett,* for relator.

*The Attorney General* and *E. P. Donnelly, Assistant,* for respondent.

*Kenneth C. Davis, Post, Russell, Davis & Paine, Witherspoon, Yantes & Witherspoon, Byers, Westberg & James,* and *Allen & Wilkins, amici curiae.*

BLAKE, J.—This matter comes up on an application for a writ of mandate to compel Honorable D. F. Wright, one of the judges of the superior court of Thurston county, to grant a motion for change of venue, made by relator pursuant to the provisions of Rem. Rev. Stat., §§ 209-1, 209-2 [P. C. §§ 8546, 8547].

[1]Reported in 57 P. (2d) 323.

It appears from the record that on August 7, 1935, the respondent, as judge of the superior court of Thurston county, made and entered a decree adverse to relator in a case entitled: State of Washington ex rel. G. W. Hamilton, Attorney General, v. American Society of Composers, Authors and Publishers, an unincorporated association, et al.

Pursuant to the provisions of Rem. Rev. Stat., §§ 464 and 467 [P. C. §§ 8130, 8133], relator filed its petition in the superior court of Thurston county to vacate the decree of August 7th and certain subsequent orders ancillary thereto. Prior to filing, relator served the petition on the *Attorney General*. At the same time, in compliance with Rem. Rev. Stat., § 468 [P. C. § 8134], relator served a notice in the nature of a summons.

With the petition and notice, relator, pursuant to Rem. Rev. Stat., §§ 209 to 209-2 [P. C. §§ 8545 to 8547], filed an affidavit of prejudice against the Honorable D. F. Wright and a motion for change of venue. Upon the motion being presented to him, respondent entered an order denying it.

From respondent's return to the alternative writ, it appears that the motion was denied on the theory that the denial of certain other applications made by relator were *res judicata* of the matters raised by its present petition to vacate the judgment. This, however, constituted a disposition of the petition on the merits, which respondent could not consider in disposing of the motion for change of venue.

There was just one question to be considered by him, and only one to be determined by us: Is the petition to vacate the judgment an ''action or proceeding'' in contemplation of Rem. Rev. Stat., § 209-1 [P. C. § 8546]? If it is, relator is entitled to a change of venue as a matter of right. *Bedolfe v. Bedolfe,* 71

Wash. 60, 127 Pac. 594; *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291. And this without regard to the sufficiency of the petition to state a cause of action and without regard to the sufficiency of any defense—such as *res judicata*—which might be set up against it. *Cooper v. Cooper*, 83 Wash. 85, 145 Pac. 66. That a petition to vacate a judgment, filed in pursuance of Rem. Rev. Stat., §§ 464, 467, 468 [P. C. §§ 8130, 8133, 8134], constitutes an action or proceeding, in contemplation of Rem. Rev. Stat., §§ 209-1, 209-2 [P. C. §§ 8546, 8547], was definitely decided in the case just cited. The case is so completely analogous to the one at bar that we shall quote from it at some length:

"On August 7, 1913, the defendant in that action, appellant here, began a proceeding by petition under chap. 17, §§ 464 to 473, inclusive, of Rem. & Bal. Code (P. C. 81, §§ 1163-1175), for the vacation of the decree of divorce on the ground of fraud practiced by the successful party in obtaining it. . . . Immediately upon this assignment for trial, the appellant filed in department No. 1, the department of the presiding judge, his motion and affidavit for a change of judge for prejudice, under the act of 1911, 3 Rem. & Bal. Code, § 209-1. The motion came on for hearing on March 2, 1914, and on that date, after argument, was overruled by the presiding judge and a formal order to that effect was entered under date of March 3, 1914. The trial upon the appellant's petition was then had in department No. 4, before Judge Humphries, who ruled that the petition stated no facts sufficient to invoke any relief and dismissed the proceeding. This appeal followed.

"Three questions are discussed in the briefs. (1) Was the proceeding by petition to vacate the decree of divorce a proceeding within the contemplation of the statute providing for a change of judge for prejudice? (2) If so, was the application for the change made in time? (3) Did the petition, in any event, state sufficient grounds to entitle the appellant to any relief?

"It is obvious that, if the first two questions be answered in the affirmative, it will be neither necessary nor proper for us to consider the third question. That is a matter which can only come to us by an appeal from the decision of a qualified trial court. This is not a court of first instance.

"The act under which this proceeding was instituted, taken as a whole, contemplates two distinct forms of procedure. Section 466 clearly contemplates an application for relief against the judgment attacked, for certain causes therein enumerated. That proceeding is by motion. No specific form of notice is mentioned. The proceeding here was not taken under that section."

The court, after quoting §§ 464, 467 and 468 [P. C. §§ 8130, 8133, 8134], then proceeds:

"It will be noted that this proceeding by petition is, in its nature, a new and independent proceeding, in which the adverse party is brought into court as upon original process by service of a notice in the nature of a summons as in an original action. Clearly this proceeding by petition is intended as a statutory substitute for a bill in equity to set aside a judgment for certain causes, if brought within the year after its rendition. For every practical purpose, such a proceeding is, in its nature, a new and independent proceeding involving issues and requiring evidence which may be wholly independent of the issues and evidence in the original action. . . .

"It seems to us that a proceeding which is instituted with all the formality of an original action and conducted throughout in the same manner as an original action and in which the parties, regardless of their designation in the original action, occupy the relation of plaintiff and defendant according to the issues presented by the petition, and in which those issues may take all the range of an independent bill in equity for relief against a judgment, is, in its very nature, a new proceeding, and hence falls within the purview of the act of 1911 relating to the disqualification of judges of the superior court, for prejudice."

198

Upon the authority of this case, the writ will issue directing respondent to grant relator's motion for a change of venue.

BEALS, HOLCOMB, and TOLMAN, JJ., concur.

MILLARD, C. J. (dissenting)—I can not agree that this is a new and independent proceeding entitling relator to a change of venue as a matter of right. The writ should be denied.