[No. 32875. Department One: June 4, 1954.]

THE STATE OF WASHINGTON, *on the Relation of Ernestine D. Mauerman, Plaintiff*, v. THE SUPERIOR COURT FOR THURSTON COUNTY, *Raymond W. Clifford, Judge, Respondent.*[1]

[1]Reported in 271 P. (2d) 435.

*Trena Belsito,* for relator.

*Lynch & Lynch,* for respondent.

OLSON, J.—Is the petitioner in a proceeding to modify the child custody provisions of a divorce decree entitled to a change of judges from the judge who entered that decree, upon filing a motion and affidavit of prejudice in compliance with Rem. Rev. Stat., § 209-1, and Rem. Supp. 1941, § 209-2 (codified with slight changes in RCW 4.12.040, 4.12.050)?

Respondent's return shows the following facts: After a trial before respondent judge, relator and her former husband were divorced by a decree entered July 1, 1953. This decree deprived relator of the custody of a minor child. March 22, 1954, she filed a petition for the modification of these custody provisions, based upon allegations of changed conditions since the divorce. On the same day, her present attorney, who did not appear for her in the divorce proceeding, filed an affidavit asserting the prejudice of respondent judge against her (counsel). After a hearing that day, the court entered an order, upon plaintiff husband's motion to quash the affidavit, in which it found that it had "no prejudice personally" against defendant or her counsel, and that the affidavit of prejudice, having been filed after the hearing on the merits in the divorce action, "is not timely made, and said affidavit and motion for change of venue, as so construed, is disregarded and held for naught."

On the next day, March 23, 1954, relator presented a motion for change of judges, supported by her affidavit

asserting the prejudice of respondent judge against her. After a hearing that day, this motion was denied "as being untimely made." March 24, 1954, relator obtained an alternative writ of mandate from this court in this cause, requiring respondent judge to transfer the modification proceeding to the other department of the superior court for Thurston county or show cause for not doing so.

 Counsel for respondent contend that, because the divorce action was submitted to and heard by respondent judge, he cannot be disqualified from hearing the modification proceeding. We cannot indulge the argument that, because the judge who settles the issue of custody of children at the trial of a divorce case is acquainted with the problem, he should not be disqualified from later proceedings upon that issue. If the proceeding is one within the meaning of the cited statutes, a motion for a change of judges presents no question of discretion or policy. It must be granted as a matter of right. *State ex rel. Nissen v. Superior Court,* 122 Wash. 407, 411, 210 Pac. 674 (1922); *State ex rel. American Society of Composers, Authors & Publishers v. Wright,* 186 Wash. 194, 195, 57 P. (2d) 323 (1936), and cases cited. Nor is a question of fact presented by such a motion. Prejudice is established by the filing of the affidavit. *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 315, 118 Pac. 40 (1911); *State ex rel. Talens v. Holden,* 96 Wash. 35, 40, 164 Pac. 595 (1917); *State ex rel. Mead v. Superior Court,* 108 Wash. 636, 638, 185 Pac. 628 (1919).

 A proceeding to modify the child custody provisions of a divorce decree, upon allegations of changed conditions since the entry of that decree, is a new proceeding. It presents new issues arising out of new facts occurring since the entry of the decree. It is not ancillary to or in aid of the enforcement of the divorce decree. It is a "proceeding" within the meaning of the cited statutes, and the petitioner is entitled to a change of judges as a matter of right. *Bedolfe v. Bedolfe,* 71 Wash. 60, 61, 127 Pac. 594 (1912); *State ex rel. Foster v. Superior Court,* 95 Wash. 647, 653, 164 Pac. 198 (1917). See *State ex rel. Buttnick v. Superior Court,*

127 Wash. 101, 104, 219 Pac. 862 (1923), involving modification of alimony.

Respondent contends that the 1927 amendment to the second section of the statute in question (Laws of 1927, chapter 145, § 2, p. 129), passed after the cited cases were decided, requires a different result. We do not agree. The amendment provides that the motion must be filed and called to the attention of the judge before he shall have made any ruling in the case. This, in substance, was the interpretation of the 1911 statute by this court, prior to the amendment. *State v. Vanderveer,* 115 Wash. 184, 187, 196 Pac. 650 (1921); *State ex rel. Douglas v. Superior Court,* 121 Wash. 611, 615, 209 Pac. 1097 (1922), and cases cited.

Respondent further contends that this mandamus proceeding must fail because it purports to be directed to the order of denial entered upon relator's second motion, dated March 23, 1954, and not to the order entered on March 22, 1954. Such a contention would make mandamus perform the function of an appeal or of a writ of review. That is not the nature or purpose of a statutory mandamus proceeding. *State ex rel. Spokane v. Superior Court,* 150 Wash. 13, 18, 272 Pac. 60 (1928), and cases cited. It is a civil remedy. In substance, it is but another form of civil action. *State ex rel. Macri v. Bremerton,* 8 Wn. (2d) 93, 101, 111 P. (2d) 612 (1941), and case cited. Its object is to compel action, and not to review it. *Luellen v. Aberdeen,* 20 Wn. (2d) 594, 600, 148 P. (2d) 849 (1944), and cases cited; *Benedict v. Board of Police Pension Fund Commissioners of Seattle,* 35 Wn. (2d) 465, 474, 214 P. (2d) 171 (1950). A writ of mandate will be issued by this court to a superior court to compel its performance of an act which it is enjoined by law to perform. *State ex rel. Massart v. Kinne,* 168 Wash. 612, 616, 12 P. (2d) 919 (1932).

As we have stated, relator is entitled to a change of judges under the cited statutes, as a matter of right. She may enforce it by a mandamus proceeding. *State ex rel. Dunham v. Superior Court,* 106 Wash. 507, 513, 180 Pac. 481 (1919).

■■ The affidavit of relator's counsel, considered as a motion for change of venue, having been quashed upon improper grounds, namely, an erroneous finding of no prejudice, and that it was not timely filed, left room for the filing of the second motion, supported by relator's affidavit. This was submitted to the court, and denied, on the following day. An alternative writ of mandate was issued by this court on the next day. There can be no successful claim of laches, unreasonable delay, or untimely action, upon this sequence of events. Nor can this be considered as more than one application for a change of judges; in contravention of the provisions of the cited statutes as amended. Both the motion which was quashed and the one which was denied, were lodged against the same judge by or on behalf of the same party litigant. A change of venue from only one judge was demanded. None was granted. See *State ex rel. Dunham v. Superior Court, supra,* p. 512; *State ex rel. Sheehan v. Reynolds,* 111 Wash. 281, 284, 285, 190 Pac. 321 (1920).

A peremptory writ of mandate shall be issued.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.