[No. 40581. En Banc. October 22, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. AARON DIXON, *Petitioner,* WILLIAM J. WILKINS, *Judge of the Superior Court for King County, Respondent.**

*William L. Dwyer,* for petitioner.

*Charles O. Carroll, Paul M. Acheson,* and *William L. Dowell,* for respondent.

PER CURIAM.—On July 30, 1968, petitioner was charged by information in the Superior Court for King County, State of Washington, with the crime of grand larceny. Bail was fixed and on August 8, 1968, petitioner was arraigned and entered a plea of not guilty. Thereafter, on September 4, 1968, petitioner served and filed a motion to dismiss and a motion to suppress certain evidence. Both motions were predicated upon constitutional grounds. At the same time, petitioner noted the motions for hearing on the merits for October 9, 1968. The motions were accordingly set on the motion calendar for the noted date.

On September 6, 1968, the state served and filed a motion to renote petitioner's motions to dismiss and suppress for hearing on the merits on September 20, 1968. This motion was noted by the state for hearing on September 13, 1968.

*Reported in 446 P.2d 329.

The state's motion to renote came on for hearing on the motion calendar on the scheduled date. The superior court judge assigned to hear the motion calendar during the month of September[1] heard the arguments of the respective parties concerning the matter of resetting petitioner's motions and thereafter by order granted the state's motion to the extent of resetting petitioner's motions on the motion calendar for hearing on September 27, 1968.

On September 26, 1968, petitioner served a motion and affidavit of prejudice against the superior court judge assigned to the motion calendar for September. This affidavit was regularly filed on September 27, 1968, and assigned to the motion calendar judge for disposition. The state challenged the timeliness of the motion and affidavit of prejudice. The motion calendar judge sustained the state's challenge. This decision was based upon the motion calendar judge's determination that his ruling on the state's motion to renote petitioner's motions to dismiss and suppress for hearing constituted a ruling invoking the discretion of the hearing judge, thus precluding a subsequent affidavit of prejudice under the provisions of RCW 4.12.050.

Petitioner was afforded time by the motion calendar judge and forthwith petitioned this court for a writ prohibiting the September motion calendar judge from hearing his motions to dismiss and suppress on the merits.

We grant the writ.

The pertinent portions of RCW 4.12.040 and 4.12.050 provide:

> No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the

[1] King County is a multiple judge county, presently having 22 superior court judges. From this number one judge is designated, on a rotating 1-month basis, to serve as the motion calendar judge. Motions to be heard on the motion calendar are not normally preassigned, but rather are simply noted by the moving party for hearing on a certain date. Thus, in the instant case, a motion scheduled to be heard in October would ordinarily be heard by a different judge than the one assigned to the motion calendar for the month of September.

interest of any party or attorney appearing in such cause. RCW 4.12.040.

Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: *Provided,* That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case . . . of the hearing of which the party making the affidavit has been given notice, and before the judge presiding has made any order or ruling involving discretion, *but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial,* the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso; . . . . (Italics ours.) RCW 4.12.050.

Under these statutes and under our decisions a party litigant is entitled, as a matter of right, to a change of judges upon the timely filing of a motion and affidavit of prejudice against a judge about to hear his cause or any substantial portion thereof on the merits. Such a motion and affidavit seasonably filed presents no question of fact or discretion. Prejudice is deemed to be established by the affidavit and the judge to whom it is directed is divested of authority to proceed further into the merits of the action. *In re McDaniel,* 64 Wn.2d 273, 391 P.2d 191 (1964); *State ex rel. Mauerman v. Superior Court,* 44 Wn.2d 828, 271 P.2d 435 (1954), and cases cited. The moving party, however, is entitled to but one change of judges. He cannot thereafter file successive affidavits and obtain any additional change of judges. *State ex rel. Sheehan v. Reynolds,* 111 Wash. 281, 190 Pac. 321 (1920).

■ A motion and affidavit directed to a judge in a multi-judge county is seasonably and timely filed when it is filed as soon as it becomes known to the moving party that a particular judge will preside over the department of court

assigned to the hearing of his cause, and before that judge has been called upon to make a ruling invoking discretionary powers. *State ex rel. Beeler v. Smith,* 76 Wash. 460, 136 Pac. 678 (1913); *State ex rel. Talens v. Holden,* 96 Wash. 35, 164 Pac. 595 (1917).

In the instant case, after the filing of the state's motion to renote, and under the system of rotating motion calendar judges referred to in footnote 1, petitioner could not reasonably be expected to know precisely which judge would preside over and hear his motions to dismiss and suppress until the state's motion to renote had been determined. If the state's motion had been denied, the original October setting would ordinarily have portended a different judge than the one presiding over the motion calendar during September. As the motion was determined, however, it projected the September motion calendar judge as the one to hear the merits of petitioner's motions. With the uncertainty as to which judge would be the ultimate judge at the hearing on the merits thus injected into the cause by the state's motion, it would be manifestly unfair to compel petitioner to expend, mayhaps uselessly, his motion and affidavit of prejudice prior to the conclusion of the hearing on the state's motion. From this standpoint, then, petitioner's motion and affidavit was not unseasonable. *State ex rel. Beeler v. Smith, supra; State ex rel. Talens v. Holden, supra.*

Furthermore, it is our view that the setting and/or renoting and resetting of a cause or motion for hearing on the merits is a preliminary matter falling squarely within the ambit and contemplation of the proviso to RCW 4.12.050. This proviso specifically excludes from the discretionary classification otherwise referred to therein those orders and/or rulings relating to "the arrangement of the calendar" or "the setting of an action, motion or proceeding down for hearing or trial." This language, in our view, clearly embraces the calendaring action taken by the motion calendar judge in resetting petitioner's motions pursuant to the state's motion.

For the reasons stated, the writ of prohibition shall issue and the cause remitted forthwith.