[No. 50406–7.   En Banc.   September 6, 1984.]

MARINE POWER & EQUIPMENT COMPANY, INC., *Plaintiff,*
v. THE DEPARTMENT OF TRANSPORTATION, *Respondent,*
INDUSTRIAL INDEMNITY COMPANY, *Petitioner.*

*Taylor & Bryan,* by *Robert G. Taylor, Carroll L. Bryan II, James P. Wagner,* and *Mary O'Brien,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *William G. Boland* and *Spencer W. Daniels, Assistants,* for respondent.

UTTER, J.—The single issue presented here is whether petitioner, a party joined late in the pretrial discovery stage of complex, multi–party litigation, had the right to move for and receive a change of judge under RCW 4.12.040 and RCW 4.12.050. We hold that petitioner was entitled to a change of judge and accordingly reverse.

In 1978, the Washington State Department of Transportation (DOT) contracted with Marine Power and Equipment Company for the construction of six "Issaquah" class ferries at a price of $105,862,300. DOT also retained L. R. Glosten Associates, Inc., a naval architecture and marine engineering firm, to administer the contract. Pursuant to its contract with DOT, Marine Power obtained a contract bond from petitioner, Industrial Indemnity Company, in the amount of $26,465,575, or 25 percent of the contract price.

In November 1981, Marine Power filed suit against DOT and Glosten Associates in Thurston County Superior Court. DOT filed its answer and counterclaim in April 1982. The parties claim damages ranging from $20 to $30 million. The issues are various and complex. Discovery was anticipated to be very extensive and to last several years. A special discovery master, the Honorable Lloyd Shorett, was appointed. The parties stipulated to the assignment of Judge Carol A. Fuller to preside over pretrial matters and at trial. Trial was set for January 1985. It was anticipated to last a year.

Late into the discovery stage, on January 31, 1984, DOT

first served petitioner, a California corporation, by filing a summons and complaint with the Secretary of State. Petitioner appeared through counsel Franklin & Watkins on February 24, 1984. On March 29, 1984, the firm of Taylor & Bryan was substituted as petitioner's counsel. On that same day, petitioner filed a motion for change of judge, supported by an affidavit of prejudice pursuant to RCW 4.12-.040 and RCW 4.12.050.

A preliminary trial on a statute of limitations defense was scheduled to be heard by Judge Fuller on April 2, 1984. Judge Fuller heard arguments on petitioner's motion for change of judge on March 30 and on April 2. She then denied petitioner's motion and proceeded with trial.

In her oral opinion, Judge Fuller set forth the following reasons as the basis for denying petitioner's motion:

1. The great difficulty involved in freeing an alternate judge's schedule to accommodate a year–long trial;

2. The expertise Judge Fuller had acquired during her 2 years' involvement with the case;

3. Petitioner's failure to file its motion and affidavit immediately upon being joined to the suit; and

4. The unique nature and complexity of the case.

Petitioner filed a motion for discretionary review with this court which was granted on April 12, 1984. The Commissioner's written order provided for accelerated review and an expedited briefing schedule. The Commissioner also ruled that the result of the statute of limitations trial might be void if the trial court was found to have been in error as to its ruling on petitioner's motion for change of judge.

RCW 4.12.040 gives every party the right to a change of judge if the requirements of RCW 4.12.050 are satisfied. *State ex rel. Mauerman v. Superior Court,* 44 Wn.2d 828, 830, 271 P.2d 435 (1954).

RCW 4.12.040 provides in part:

No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established as hereinafter provided that said judge is prejudiced against any party or attorney, or the

interest of any party or attorney appearing in such cause. In such case the presiding judge in judicial districts where there is more than one judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court.

RCW 4.12.050 provides, in pertinent part:

Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: *Provided,* That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso; and in any event, in counties where there is but one resident judge, such motion and affidavit shall be filed not later than the day on which the case is called to be set for trial: . . .

In this case there is no indication of actual prejudice. It should be stressed that the trial judge had been chosen by all parties prior to this joinder as a judge able to try this extremely complex case. Nonetheless, the statute is clear that once a party timely complies with the terms of RCW 4.12.050, prejudice is deemed established. Thereafter, "the judge to whom [the motion] is directed is divested of authority to proceed further into the merits of the action." *State v. Dixon,* 74 Wn.2d 700, 702, 446 P.2d 329 (1968); RCW 4.12.040. The plain language of RCW 4.12.050 supports petitioner's assertion that its motion was timely within the meaning of the statute. There is no contention

here that Judge Fuller made a discretionary ruling after petitioner's joinder and of which it had been given adequate notice, prior to petitioner's motion for change of judge. Neither is Thurston a 1–judge county. Only these criteria bring statutory timeliness requirements into play.

DOT does not contest petitioner's assertion that it filed its motion for change of judge and its affidavit of prejudice properly within the letter of these statutes. It maintains, instead, that the plain wording of RCW 4.12.050 does not go far enough to provide for the effective and orderly administration of justice. It urges this court to read into the statute a provision which would allow the trial court to consider the circumstances surrounding complex litigation on a case–by–case basis before determining whether a motion for change of judge is timely. This case, it urges, illustrates the statute's inadequacy in cases of complex, multi–party litigation.

It is within the power of this court to dictate, under the constitutional separation of powers, its own court rules, even if they contradict rules established by the Legislature. Const. art. 4, § 1; *State v. Fields,* 85 Wn.2d 126, 530 P.2d 284 (1975). We decline to do so in this case inasmuch as it was within the control of the Attorney General to decide whether and when petitioner would be joined. He has only himself to blame for the additional cost and delay incurred by this late joinder.

It has long been the rule of this court to interpret statutes as they are plainly written, unless a literal reading would contravene legislative intent by leading to a strained or absurd result. *State v. Keller,* 98 Wn.2d 725, 657 P.2d 1384 (1983). Although we leave open the question whether the statute might lead to such a result in another case, we find it does not do so here.

RCW 4.12.050 was intended to take all discretion in determining prejudice away from the trial judge.

> The statute permits of no ulterior inquiry; it is enough to make timely the affidavit and motion, and however much the judge moved against may feel and know that the

charge is unwarranted, he may not avoid the effect of the proceeding by holding it to be frivolous or capricious.

*State ex rel. Talens v. Holden,* 96 Wash. 35, 40, 164 P. 595 (1917).

When first enacted in 1911, the statute did not contain a timeliness provision. Laws of 1911, ch. 121, § 2, p. 617. In order to further the orderly administration of justice and to avoid an absurd result, this court read a timeliness requirement into the statute. *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 315, 118 P. 40 (1911).

> [W]e cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.

*Lefebvre,* at 316.

From these concerns developed the rule that a motion for change of judge had to be filed prior to any discretionary ruling by the trial court. *See also State ex rel. Deavers v. French,* 78 Wash. 260, 138 P. 869 (1914); *State ex rel. Mead v. Superior Court,* 108 Wash. 636, 185 P. 628 (1919); *State ex rel. Davis v. Superior Court,* 114 Wash. 335, 195 P. 25 (1921). This rule was incorporated into RCW 4.12-.050, by amendment, in 1927. Laws of 1927, ch. 145, § 2, p. 129.

The specific concern that the motion be made sufficiently soon so that a change of judge would not be an undue interference with the administration of justice continued to be reflected in our opinions. In *State v. Funk,* 170 Wash. 560, 17 P.2d 11 (1932), we considered a post–amendment case where the movant had waited until the day of trial to file his affidavit of prejudice. The trial was to be held in a 1–judge county, thus making transfer of the case to another judge unusually difficult. There, despite the movant's compliance with the terms of the statute, we held the motion

not timely. We noted that allowing a party to challenge the trial judge in a 1–judge county immediately before going to trial, when the party had known the identity of the judge for a reasonable time prior to trial, would delay the course of justice without any valid reason. *Funk,* at 563–64; *accord, Black v. Yoder,* 171 Wash. 341, 17 P.2d 850 (1933) (affidavit filed day before trial). In apparent response to the concern expressed in *Funk* and *Black,* the Legislature amended RCW 4.12.050 to provide, "in counties where there is but one resident Judge, such motion and affidavit shall be filed not later than the day on which the case is called to be set for trial . . ." Laws of 1941, ch. 148, § 2, p. 417.

The statute's history reflects an accommodation between two important, and at times competing, interests: a party's right to one change of judge without inquiry and the orderly administration of justice. This history also reflects a decision to accord greater weight to the party's right to a change of judge. The two timeliness criteria read into the statute by this court, and later incorporated by the Legislature, are well defined and permit little, if any, exercise of discretion by the trial judge. Cases decided before and after this last amendment also illustrate the right's predominate importance.

For example, in *State ex rel. Goodman v. Frater,* 173 Wash. 571, 24 P.2d 66 (1933), this court considered a motion brought by a third party defendant who had been joined, after judgment, and 2 days into the execution phase of the trial. We there held that the movant was entitled to the benefit of the statute despite its obvious interference with the orderly administration of justice at that late stage in the proceedings. We noted:

> It is hard to see why, under the circumstances here present, [the movant] should be deprived of the statutory right simply because she was brought into the case, against her will, after the original complaint was filed or, indeed, after the judgment was entered.

*Goodman,* at 573. Subsequent to the last amendment, in

*Bode v. Superior Court,* 46 Wn.2d 860, 285 P.2d 877 (1955), we considered a motion filed on the day prior to hearing. We held the motion timely because it was filed in compliance with the terms of the statute.

The case of *State v. Dixon,* 74 Wn.2d 700, 446 P.2d 329 (1968), upon which the trial court largely relied, raised some question whether RCW 4.12.050 contained an additional timeliness requirement. There, the State filed a motion to renote petitioner's pretrial motions from October to September. The trial court heard argument on September 13 and ordered the motion hearing renoted to September 27. On September 26, petitioner filed its motion for change of judge. The State challenged the motion on timeliness grounds. This court held the motion timely on two grounds. The trial court's decision to renote fell within the "calendar arrangement" proviso to the statute's timeliness requirement. Additionally, the motion was filed soon (13 days) after the petitioner had learned which judge would preside over its case. With regard to this last ground, we stated:

> A motion and affidavit directed to a judge in a multi–judge county is seasonably and timely filed when it is filed *as soon as it becomes known to the moving party* that a particular judge will preside over the department of court assigned to the hearing of his cause, and before that judge has been called upon to make a ruling invoking discretionary powers. *State ex rel. Beeler v. Smith,* 76 Wash. 460, 136 Pac. 678 (1913); *State ex rel. Talens v. Holden,* 96 Wash. 35, 164 Pac. 595 (1917).

(Italics ours.) *State v. Dixon, supra* at 702–03.

This statement in *Dixon* is the rule DOT urges us to follow in "special cases" of "complex" litigation. We decline to do so. The implication in *Dixon* that a party must file its motion immediately upon learning the identity of the presiding judge is anomalous to this court's prior interpretation of the statute. As petitioner notes, subsequent to *State v. Funk, supra,* and *Black v. Yoder, supra,* this court has not upheld the denial of a motion for change of judge if the explicit statutory requirements have been met.

The purpose of RCW 4.12.050 was to remove discretion from the trial court when presented with a motion for change of judge. *State ex rel. Talens v. Holden, supra.* Were we to adopt the rule suggested by DOT, judges would have discretion to determine whether a case is sufficiently complex to warrant departure from the general rule and, if so, whether a party's motion is filed sufficiently soon. Such a rule would clearly contravene the legislative intent.

Yet, we do not rule out the possibility that an extraordinary case may be presented in which the difficulties of obtaining an alternate judge are proven by the court's factual findings to be insurmountable. In such a case, application of the plain language of RCW 4.12.050 could lead to an absurd result. It would then be incumbent upon this court, as it was in *State v. Funk, supra,* to create a further timeliness requirement to facilitate the orderly administration of justice.

The findings set forth by Judge Fuller, in support of her order, do not present such an extraordinary situation that application of the statute as written creates an absurd result. Although difficult, it was not impossible to substitute an alternate judge to which all parties could agree. We have previously rejected as a ground for denying a motion under RCW 4.12.050 the particular judge's expertise in the case. *State ex rel. Mauerman v. Superior Court, supra.* In addition, we cannot agree that petitioner unduly delayed in filing its motion. Approximately 35 working days had passed since petitioner had been joined to the suit. All parties here agree the issues in the case are extraordinarily complex. It would be unrealistic, in such a case, to presume that petitioner would understand the desirability of filing a motion for change of judge immediately upon being joined in the action. It had the right to a change of judge, as did the other parties. *State ex rel. Goodman v. Frater, supra.* The party responsible for the delay is not the petitioner but the Attorney General, who had within his control who would be parties and when they would be joined.

For these reasons, we find that petitioner was entitled to a change of judge and reverse.

WILLIAMS, C.J., ROSELLINI, BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DORE, J., concurs in the result.

Reconsideration denied November 20, 1984.