[No. 33372. Department Two. July 7, 1955.]

LOTTIE BODE et al., *Petitioners and Relators,* v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *John J. Langenbach, Judge, Respondent.*[1]

[1]Reported in 285 P. (2d) 877.

*Stanley J. Krause,* for petitioners and relators.

*Charles B. Welch,* for respondent.

WEAVER, J.—This court issued an alternative writ of prohibition to the Honorable John J. Langenbach, judge of the superior court of the state of Washington for Pacific county. The writ directed him to refrain from further proceeding in the matter of the estate of Clara Bode Bailey, deceased, pending in that county. The writ is now before us to determine whether it should be made permanent.

The question presented was crystalized by respondent's refusal to give effect to an affidavit of prejudice directed to him, pursuant to RCW 4.12.050. (Codified with slight changes. See Rem. Rev. Stat., § 209-1; Rem. Supp. 1941, § 209-2.)

Clara Bode Bailey died intestate in Pacific county on March 21, 1955. On April 29, 1955, two nieces and a nephew petitioned for the issuance of letters of administration to Melba Olson, one of the nieces. Due notice was posted for hearing on this petition May 13, 1955.

May 2, 1955, Lottie Bode, a sister of decedent, filed her petition for letters of administration and for her immediate appointment as special administratrix "pending notice of application for letters of administration." Thereupon, she was appointed special administratrix of her sister's estate; filed her oath and bond in the sum of twelve thousand dollars; and special letters of administration were issued to her.

The order appointing the special administratrix was issued by the Honorable Eugene G. Cushing, one of the resident superior court judges of Clark county, who, on May 2, 1955, was presiding over a trial in the superior court of Pacific county.

May 12, 1955, the day before the hearing to be held on the pending petitions for letters of administration, Lottie Bode filed an affidavit of prejudice directed to respondent. This affidavit was called to respondent's attention the next

day. May 20, 1955, respondent filed a memorandum opinion in which he stated that Lottie Bode had

". . . submitted herself to the jurisdiction of this Court by then and there asking and receiving an appointment as special administratrix of this Estate. . . . The appearance of Judge Cushing in the record at that time was merely coincidence by reason of the fact that he was present in said Court on said date. The application for the appointment of Lottie Bode as special administratrix permitted the exercise of discretion on the part of the judge presiding in the Court and as a result, the Court has obtained jurisdiction of the subject matter and the parties for all subsequent purposes."

Respondent held that Lottie Bode had submitted herself

". . . to the discretion of this Court and her application and affidavit of prejudice is now to [sic] late to avoid a hearing herein so far as the appointment of permanent administratrix is concerned. Accordingly, the application for a change of judges will be denied."

The hearing for the appointment of a permanent administratrix was continued to May 27, 1955. The alternative writ of prohibition was issued by this court May 26, 1955.

■ We cannot consider respondent's motion to quash the alternative writ. It was not timely filed. Rule on Appeal 53, 34A Wn. (2d) 57.

The disposition of this matter is governed by RCW 4.12-.040 and RCW 4.12.050, which provide:

"No judge of a superior court of the state shall sit to hear or try any action or proceeding when it is established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. In such case the presiding judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court, or apply to the governor to send a judge, to try the case; . . ." RCW 4.12.040.

"Any party to or any attorney appearing in any action or proceeding in a superior court may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or be-

lieves that he cannot, have a fair and impartial trial before such judge . . . in counties where there is but one resident judge, the motion and affidavit shall be filed not later than the day on which the case is called to be set for trial." RCW 4.12.050.

Lottie Bode submitted herself to the jurisdiction of the superior court of the state of Washington and submitted the venue of her cause to that court sitting in Pacific county. The motion for change of judge and the affidavit of prejudice directed to the judge do not, however, question jurisdiction of the court or the venue of the action. Relator objects only to the right of respondent, as a person, to pass upon the merits of her petition. Prejudice is established by the filing of the affidavit. No question of fact is presented. Application for appointment of an administratrix is a "proceeding" within the meaning of the statute. The petitioner is entitled to a change of judge, as a matter of right, if the affidavit is timely filed. *State ex rel. Mauerman v. Superior Court*, 44 Wn. (2d) 828, 830, 271 P. (2d) 435 (1954), and cases cited.

Lottie Bode filed her affidavit of prejudice prior to the day of hearing. She called it "to the attention of the judge before he has made any ruling whatsoever in the case" and "before the judge presiding has made any order or ruling involving discretion." RCW 4.12.050. Under the circumstances, as disclosed by the record, the request for change of judge was timely filed. The writ of prohibition should be made permanent except in so far as it prohibits the respondent from transferring the action or calling in a judge from some other court, as provided in RCW 4.12.040, *supra.*

It is so ordered.

HAMLEY, C. J., OTT, HILL, and ROSELLINI, JJ., concur.