FDM, INC., a Texas Corporation formerly known as Federal Debt Management, Inc., Appellee,

v.

Ronald H. LAWSON, Appellant.

No. 85989.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 26, 1995.

Certiorari Dismissed Feb. 26, 1996.

Phil W. Gordon, Chickasha, for Appellants.

Patrick A. Morse, Ted Ritter, Norman, for Appellee.

## *OPINION*

HANSEN, Judge:

In this action on two promissory notes, Appellant, Ronald Lawson (Lawson), seeks review of the trial court's order granting summary judgment in favor of Appellee, FDM, Inc. (FDM).

The record reflects that Lawson was a partner in FH & L Investments, an Oklahoma general partnership. His partners were Donald P. Ferguson (Ferguson) and Donald H. Horn (Horn). In March 1986, the three partners, in both their individual and partnership capacities, executed two promissory notes (the notes) in favor of Universal Savings Association. The first note was for $20,800.00 and the second for $17,200.00. Each note was secured by a mortgage on one of two separate parcels of real property.

In November 1987, the partnership, with all three partners signing, executed a warranty deed conveying the two parcels of real

property securing the notes to Grady Properties Company.[1] The Federal Deposit Insurance Corporation (FDIC) was appointed receiver after Universal Savings Association became insolvent in 1988, and in March 1991, FDM bought the notes from the FDIC.

On January 30, 1992, FDM, Grady Properties, Ferguson and Horn entered into a *Settlement Agreement with Release* concerning the notes. The FH & L partnership had by that time been dissolved. In consideration of payment in the amount of $25,000.00 by Grady Properties, FDM agreed to release Grady Properties, FH & L partnership, Ferguson and Horn from any further obligation under the notes. FDM further agreed to execute releases of the mortgages securing the notes and did so on that same day.

FDM filed its *Petition* in this action in February 1994. The *Petition* alleged [1] Lawson, along with FH & L partnership, Ferguson and Horn, executed the notes [2] that the notes were in default in the principal amounts of $4,286.93 and $17,035.28, respectively, plus interest, and [3] FDM was entitled to recover the amounts owing from Lawson.

FDM and Lawson each filed a motion for summary judgment. The trial court granted summary judgment for FDM, finding Lawson was obligated on the notes, and that the January 1992, *Settlement Agreement with Release* "was specific as to the other debtors and did not exclude the Defendant, Lawson, from payment". Lawson now brings this appeal from the trial court's judgment in accordance with the accelerated procedures found in Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993 Ch. 15, App. 2.

■ Lawson first contends the trial court erred in failing to find the indebtedness on the two notes was satisfied by the $25,000.00 consideration given for the settlement agreement by his "co-debtors", and in not finding release of the "co-debtors" also released him. We agree.

---

1. The deed purports to convey the properties free and clear of all encumbrances, although the mortgages securing the notes were still in effect.

In *Wade v. Tapp*, 285 P.2d 377 (Okla.1955), our Supreme Court[2] reiterated the general rule that, in the absence of an *express* reservation of a right to proceed against others, a release and satisfaction of one joint debtor releases all. Here, it is uncontroverted both that Lawson was a joint debtor with Ferguson and Horn, and that FDM released Ferguson and Horn from liability on the notes. The question then is whether the *Settlement Agreement with Release* contains an express reservation of right for FDM to proceed against Lawson. We find as a matter of law that it does not.

The settlement agreement specifically includes and describes the notes on which FDM bases the present action. The agreement provides:

> At closing, GRADY shall pay to FDMI the sum of $25,000.00 which payment shall be received by FDMI in *full satisfaction of all obligations for the repayment of the loans herein described.* (emphasis added).

Within the agreement, there is no reservation, express or otherwise, which could be read to allow FDM to proceed against Lawson. Rather, FDM relies on a purported reservation included with notations FDM placed on the notes to release Ferguson and Horn from liability. As to those notations, the settlement agreement provides:

> At closing and upon wiring by GRADY of the payment required to be made by the terms hereof to FDMI and without the necessity of the signing of additional documentation by FDMI, FDMI shall be deemed to have released GRADY, FH & L, and FERGUSON and HORN of and from any and all manner of action ... In addition, at closing, *FDMI shall ... mark on the originals of the two promissory notes herein described a notation that the other parties hereto have been released from liability followed by the signature of an authorized representative of FDMI....* (emphasis added).

FDM's notations on the notes, made pursuant to the agreement, state that it:

> ... hereby releases from any and all liability pertaining to this note, Grady Properties Company, Donald P. Ferguson, Donald H. Horn and FH & L Investments. This release specifically excludes the liability of Ronald H. Lawson and any interest and liability he may have as a partner in FH & L Investments.

It is the last sentence of the notations that FDM argues expressly reserves its right to proceed against Lawson. That sentence, purporting to "exclude" Lawson's liability from the release, is beyond the scope of the provision in the agreement requiring the notation, or any other provision in the agreement, and is, at most, a unilateral attempt to modify the terms of the settlement agreement.

The agreement expressly provides that it "contains the entire agreement of the parties hereto and may not be modified except in writing signed by all of the parties hereto". The notations were, however, signed only by FDM's president and not by any of the other parties to the agreement. Ferguson's affidavit reflects he prepared the agreement after negotiating with FDM, that he included no provisions reserving FDM's right to pursue Lawson, and that he had not reviewed the notations before paying the $25,000.00. The record is devoid of any evidentiary material establishing the requisite agreement among the parties that the settlement agreement should be modified to include the language and meaning now propounded by FDM.

The terms of a release are contractual, and the language of the contract is to govern its interpretation. *Kay Pharmacal Co. v. Dalious Construction Co.,* 276 P.2d 756 (Okla.1954). The settlement agreement by which FDM released Lawson's joint debtors does not contain an express reservation of FDM's right to proceed against Lawson. FDM's after the fact attempt to modify the terms of the settlement agreement was ineffectual to reserve any such right by FDM. The settlement agreement therefore, as a matter of law, also served to release Lawson from any liability on the notes. The trial

---

**2.** Citing, among other authorities, the seminal case of *Bland v. Lawyer–Cuff Co.,* 72 Okla. 128,

178 P. 885 (1918).

court should have granted summary judgment to Lawson, and erred in granting summary judgment in favor of FDM.

The trial court's judgment is REVERSED and this matter is REMANDED to the trial court with directions to enter summary judgment in favor of Lawson.

HUNTER, P.J., and ADAMS, J., concur.