# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DONALD R. EARL, | No.  47034-9-II |
| Appellant, | |
| v. | |
| XYZPRINTING, INC. | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — Donald Earl, a self-represented litigant, appeals three adverse rulings in his lawsuit against XYZPrinting for an allegedly defective printer: the superior court's order granting summary judgment in favor of XYZPrinting Inc., the superior court's unsigned memorandum opinion denying Earl's motion for reconsideration of the summary judgment order, and the superior court's order imposing fees and costs against Earl as CR 11 sanctions. Earl argues that the superior court erred by (1) delaying Earl's hearing, (2) conducting a hearing telephonically, (3) denying his cross motion for summary judgment, (4) failing to comply with the notice requirement in CR 54(f)(2), (5) denying his motion for reconsideration, (6) granting sanctions against him, (7) awarding XYZPrinting fees and costs in violation of CR 54(d)'s 10-day time limit, (8) failing to sanction XYZ's opposing counsel, (9) denying his motion to compel discovery, and (10) denying his conditional motion to change venue. Most of Earl's arguments either fail or were inadequately preserved for appeal. However, the superior court failed to support the CR 11 sanctions against Earl with sufficient findings of fact and conclusions of law. Consequently we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

FACTS

Earl purchased a 3-D printer manufactured by XYZPrinting Inc. from an online reseller for $600.33 and received the printer on May 20, 2014. Ten days later, Earl was dissatisfied with the functionality of the printer and contacted XYZPrinting. That same day, Earl began threatening litigation, stating in his second email to XYZPrinting:

> As an aside, you REALLY should familiarize yourself with US warranty laws. Your "warranty" is in violation of so many laws, you would lose any class action lawsuit filed against you about ten minutes after it was filed. Or perhaps more accurately, you would lose on summary judgment after spending half a million dollars on attorney fees.

Clerk's Papers (CP) at 126. Despite efforts by XYZPrinting to meet Earl's needs, Earl filed a complaint against XYZPrinting in Jefferson County Superior Court on June 20, 2014, one month after receiving the printer.

Jefferson County, where Earl resides, has one superior court judge. Earl filed an affidavit of prejudice against this judge, which required visiting judges to hear this case.

XYZPrinting moved for summary judgment dismissal of Earl's claims on September 15, 2014. Earl filed a cross motion for summary judgment on September 18, a motion for sanctions against XYZPrinting's counsel on October 8, and a motion to compel discovery on October 10.

The motions were scheduled to be heard in Jefferson County by Judge Melly, a visiting judge from Clallam County on October 17, 2014. On October 15, the superior court notified the parties that the hearing could not occur in Jefferson County as scheduled, but offered to give the matter a special setting in Clallam County on October 17. Earl declined the offer and requested that the hearing be continued to a later date in Jefferson County. The next day, the Jefferson County Superior Court's administrator confirmed a special setting for the matter on November 10. The confirmation letter stated in part, "Parties will be in the Jefferson County Superior Court

and the Clallam County Visiting Judge will either be here in person or will appear telephonically." CP at 309. On November 7, the parties received confirmation that Judge Melly intended to conduct the hearing telephonically. On November 10, the parties attended the hearing in person and Judge Melly appeared telephonically. At no point did Earl object or otherwise raise any issue regarding the judge's telephonic appearance.

On November 10, after hearing argument from both XYZPrinting and Earl, the superior court granted XYZPrinting's motion for summary judgment, denied Earl's cross motion for summary judgment, denied Earl's motion for CR 11 sanctions against XYZPrinting's counsel, and awarded attorney fees and costs to XYZPrinting as CR 11 sanctions against Earl. The superior court then stayed the attorney fees and costs pending Earl's acceptance of the refund of the purchase price of his printer and dismissal of his lawsuit with prejudice.

Earl moved for reconsideration and to vacate the summary judgment order. The superior court denied his motion for reconsideration in a memorandum opinion filed on December 24. On December 29, Earl filed a notice of appeal with this court seeking review of the superior court's order granting XYZPrinting's summary judgment motion and the court's memorandum opinion denying reconsideration.

On January 16, 2015, XYZPrinting filed its motion to set fees and costs as awarded by the superior court's order granting summary judgment. On January 30, Earl filed a conditional motion for change of venue, and a CR 60 and RCW 4.72 motion to vacate summary judgment. On February 6, a different visiting judge, Judge Olsen, set the fees and costs, specifically finding that Earl filed his litigation in bad faith without factual or legal bases and failed to conduct a reasonable inquiry into the factual and legal basis of his pleadings.

On February 25, Earl filed an amended notice of appeal seeking direct review by our Supreme Court of the order granting XYZPrinting's motion for summary judgment, the memorandum opinion denying reconsideration, and the order setting the amount of fees and costs. The Supreme Court transferred the matter to us on November 4, 2015.

ANALYSIS

I. JEFFERSON COUNTY'S ADMINISTRATIVE PRACTICES REGARDING AFFIDAVIT OF PREJUDICE

Earl argues that his constitutional rights were violated by the superior court's delay in hearing Earl's motions after he filed an affidavit of prejudice. We disagree.

As a threshold matter, Earl raises the issue of Jefferson County's administrative practices for the first time on appeal. An appellate court generally will not consider a claimed error that was not raised in the trial court. RAP 2.5(a). However, under RAP 2.5(a)(3), a party may raise for the first time on appeal a manifest error affecting a constitutional right. Before addressing the merits of such a claim, a reviewing court must determine whether there is a constitutional issue at all. *In re Detention of Strauss*, 106 Wn. App. 1, 11, 20 P.3d 1022 (2001). Although Earl contends that Jefferson County's administrative practices, "[o]n its face" violate the article I, section 10 right to justice without unnecessary delay and the right of access to the courts, this bald assertion is insufficient to demonstrate a constitutional issue.

Earl's right under article I, section 10 is a right to justice without *unnecessary* delay. *King v. Olympic Pipeline Co.*, 104 Wn. App. 338, 362, 16 P.3d 45 (2000). Here, the delay was necessary pursuant to Earl's statutory right to one change of judge without inquiry. RCW

4

No. 47034-9-II

4.12.040[1] gives every party the right to a change of judge if the requirements of RCW 4.12.050[2] are satisfied. *Marine Power & Equipment Co., Inc. v. Dep't of Transportation*, 102 Wn.2d 457, 459, 687 P.2d 202 (1984). Washington courts have acknowledged the reality that a litigant's statutory right to one change of judge without inquiry may implicate the orderly administration of justice. 102 Wn.2d at 463. Washington courts consistently accord great weight to the party's right to a change of judge. 102 Wn.2d at 463. We hold that the modest delay between Earl's affidavit of prejudice and the motions hearing does not qualify as an error of constitutional magnitude, and therefore, Earl fails to satisfy the manifest constitutional error exception in RAP

---

[1] RCW 4.12.040(1) provides:

> No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established as hereinafter provided that said judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. In such case the presiding judge in judicial districts where there is more than one judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court. In all judicial districts where there is only one judge, a certified copy of the motion and affidavit filed in the cause shall be transmitted by the clerk of the superior court to the clerk of the superior court designated by the chief justice of the supreme court. Upon receipt the clerk of said superior court shall transmit the forwarded affidavit to the presiding judge who shall direct a visiting judge *to hear and try such action as soon as convenient and practical.*

(Emphasis added.)

[2] RCW 4.12.050(1) provides, in pertinent part:

> Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge . . . and in any event, in counties where there is but one resident judge, such motion and affidavit shall be filed not later than the day on which the case is called to be set for trial.

5

2.5(a)(3). As Earl's claim of error is unpreserved and does not meet RAP 2.5(a)(3), we do not address it further.

## II. RCW 2.28.030

Earl next argues that by conducting the motions hearing telephonically, the superior court judge violated RCW 2.28.030 and consequently violated Earl's constitutional rights. We hold that Earl also failed to preserve this issue for appeal.

Earl concedes that he was notified nearly a month before the hearing that it was possible the visiting judge would appear telephonically. Furthermore, three days prior to the hearing Earl received confirmation that the judge would appear telephonically. Earl made no objection, at any point, to the hearing arrangements. Because he did not object, Earl failed to preserve this issue, and we do not address it.

## III. EARL'S CROSS MOTION FOR SUMMARY JUDGMENT

Earl next argues that the superior court erred by denying his cross motion for summary judgment. We disagree.

Earl provides no argument or authority to support this assignment of error. Earl simply lists the documents relied on by the trial court in denying his motion and encourages us to conduct a de novo review of the listed filings. Earl does not articulate what his underlying claims are, does not point to any particular evidence supporting those claims, and provides no argument as to why denial of his summary judgment motion was inappropriate. The entirety of his argument on the issue is as follows:

> De novo review of the above listed filings will demonstrate Mr. Earl's motion for summary [sic] is exhaustively supported by fact and law throughout, that the Defendant failed to demonstrate any nonfrivolous legal theory in opposition to the motion and, that the facts in this case supporting summary judgment in Mr. Earl's favor are undisputed.

Br. of Appellant 46. In his reply brief, Earl defends his lack of argument, contending that he has fulfilled his duty on appeal by simply designating the documents considered by the superior court.

Although we review the grant or denial of a motion for summary judgment de novo, appellants are nonetheless bound by the Rules of Appellate Procedure. *City of Puyallup v. Hogan*, 168 Wn. App. 406, 416, 277 P.3d 49 (2012). RAP 10.3(a)(6) requires an appellant to make reasoned arguments supported by citations to the record and legal authority. The purpose of this rule is to enable the court and opposing counsel to efficiently and expeditiously review the accuracy of the factual statements made in the briefs and the relevant legal authority. *Litho Color, Inc. v. Pacific Employers Ins. Co.*, 98 Wn. App. 286, 305, 991 P.2d 638 (1999). Even when appealing a summary judgment where our review is de novo, a party is required to support his assignments of error with legal arguments. *Howell v. Spokane & Inland Empire Blood Bank*, 117 Wn. 2d 619, 624, 818 P.2d 1056 (1991). We do not address appellant's claim because it is inadequately supported by authority or argument.

### IV. CR 54(f)(2) NOTICE

Earl also argues that the order granting XYZPrinting's motion for summary judgment is void because the superior court failed to comply with the notice requirements of CR 54(f)(2). Because Earl fails to show the alleged lack of notice of summary judgment caused him any prejudice, his claim fails.

"Failure to comply with the notice requirement in CR 54(f)(2) generally renders the trial court's entry of judgment void." *Burton v. Ascol*, 105 Wn.2d 344, 352, 715 P.2d 110 (1986). "A judgment entered without the notice required by CR 54(f)(2) is not invalid, however, where the

complaining party shows no resulting prejudice." 105 Wn.2d at 352. No prejudice exists when the complaining party is able to appeal the judgment and argue the issues it wished to raise. 105 Wn.2d at 352-53. Here, Earl filed a motion for reconsideration and appealed. On appeal, he makes no argument that he was prejudiced. Therefore, the order is not void for lack of notice.

## V. RULING ON MOTION FOR RECONSIDERATION

Earl next argues that the superior court violated his constitutional right to have his case decided within ninety days because the court entered a memorandum opinion on reconsideration as opposed to a signed order. We disagree.

Earl argues that the opinion issued by the superior court on December 24, 2014, is void because it was not a signed, formal order. Earl contends this violated article IV, section 20 of the Washington Constitution, which requires: "Every cause submitted to a judge of a superior court for his decision shall be decided by him within ninety days from the submission thereof."

Here, the superior court judge clearly rendered his decision on Earl's motion for reconsideration. The memorandum opinion clearly addressed each of Earl's issues noted for reconsideration and concluded: "There are no material issues of fact. Summary judgment in favor of the Defendant was properly granted. Plaintiff's Motion for Reconsideration is denied." CP at 333. The clarity of the superior court's decision denying Earl's motion for reconsideration is underscored by Earl's prompt appeal of the memorandum opinion. The superior court judge's decision on the merits of Earl's motion was unequivocal and Earl treated it as such. Therefore, we reject Earl's claim.

## VI. SANCTIONS AGAINST EARL

Earl challenges the superior court's imposition of CR 11 sanctions against him. Because the superior court failed to enter proper findings of fact and conclusions of law supporting the award of sanctions, the court erred by imposing sanctions against Earl.[3]

We review an award of sanctions under CR 11 for abuse of discretion. *Biggs v. Vail*, 124 Wn.2d 193, 197, 876 P.2d 448 (1994). CR 11 allows a trial court to sanction parties and attorneys for baseless filings and filings made for an improper purpose. *MacDonald v. Korum Ford*, 80 Wn. App. 877, 883, 912 P.2d 1052 (1996). If a party violates CR 11, the court may impose appropriate sanctions ordering that party to pay reasonable expenses incurred by the other party, including reasonable attorney fees. CR 11. A trial court must exercise its discretion on articulable grounds, making an adequate record so the appellate court can review a fee award. *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 415, 157 P.3d 431 (2007).

"[I]n imposing CR 11 sanctions, it is incumbent upon the court to specify the sanctionable conduct in its order." *Biggs*, 124 Wn.2d at 201. This requires specific findings that "either the claim is not grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, or the paper was filed for an improper purpose." 124 Wn.2d at 201 (emphasis omitted). Otherwise, we must remand for the trial court to "make explicit findings as to which filings violated CR 11, if any, as well as how such pleadings constituted a violation." 124 Wn.2d at 202. A successor judge does not possess the authority to

---

[3] Earl also argues that (1) XYZPrinting failed to provide timely notice that it would seek CR 11 sanctions, (2) the trial court erred by awarding XYZPrinting fees and costs in violation of CR 54(d)'s 10-day time limit, and (3) the trial court failed to comply with the notice requirements of CR 54(f). Because we reverse the trial court's award of fees and costs on other grounds we do not address these additional arguments.

do acts which require finding facts. *State v. Ward*, 182 Wn. App. 574, 584, 330 P.3d 203, *review denied*, 339 P.3d 634 (2014).

Here, the superior court awarded attorney fees and costs to XYZPrinting as CR 11 sanctions against Earl. However, the superior court did not enter findings specifically identifying any sanctionable actions, and the court failed to otherwise explain its reasons for imposing sanctions.

XYZPrinting argues that the court's written order setting costs and fees provides an adequate record for review. We disagree. The order setting costs and fees was not signed by Judge Melly who presided over the summary judgment hearing and granted the CR 11 sanctions, but was instead signed by Judge Olsen, who presided over a hearing setting the amount of fees and costs. The order contained findings of fact developed at a hearing over which she did not preside. Judge Olsen did not have authority to enter findings of fact, thus her findings cannot support CR 11 sanctions.

XYZPrinting also contends that Judge Melly's oral ruling clarified the court's reasons for imposing sanctions against Earl. Earl argues that the superior court's oral ruling was nothing more than an attempt "to force Earl to accept a settlement . . . under pain of retaliation."[4] Br. of Appellant at 44. Although a trial court's oral decision may provide an adequate record for review, we hold that Judge Melly's oral ruling was insufficient to support its imposition of CR 11 sanctions. *See Just Dirt*, 138 Wn. App. at 416.

---

[4] Because we reverse the imposition of CR 11 sanctions, we do not reach the issue of whether the court's improper actions violated Earl's constitutional rights of access to the courts, equal protection of the laws, and due process.

No. 47034-9-II

On the issue of XYZPrinting's request for costs and fees as CR 11 sanctions against Earl, the superior court told Earl:

> I will award costs and fees under CR 11, Mr. Earl. However, I will stay those if you accept the defense proposal for a nonsuit in exchange for a total refund of your purchase price. To the extent that you deny that then I will sign an order authorizing sanctions against you on CR 11 because I think that your lawsuit was brought baselessly and in, in bad form, excuse me, bad faith and, uh, much, with much too rapidity. Without trying to really resolve the underlying issue I think you sort of jumped at the opportunity to file a lawsuit and you were working towards that at the very beginning. That, that's the way it appears to the Court. That's why I'm ordering the fees and, and the sanctions against you. However, I am going to hold that in abeyance if you accept their offer for settlement and for nonsuit in exchange for a six hundred refund payment to you. It's your choice. That's reasonable folks.

Verbatim Report of Proceedings (VRP) (Nov. 10, 2014) at 24. The superior court's comments are not adequate for us to review this issue. While the superior court stated its belief that Earl's lawsuit was brought in bad faith, it appears from these statements that the court's primary reason for imposing CR 11 sanctions against Earl was to convince him to settle the case. Indeed, the court stayed the imposition of sanctions, encouraging Earl to "take that refund and run with it . . . and bring this thing to a . . . peaceful conclusion." VRP (Nov. 10, 2014) at 23. If the superior court was using the threat of sanctions to encourage settlement, this was improper. Additionally, the court's oral ruling failed to make proper, specific findings as to why sanctions were appropriate.

Because the superior court failed to make an adequate record for us to review the award of costs and fees as sanctions, we reverse the CR 11 sanctions against Earl and remand for the superior court to properly consider whether Earl violated CR11 and, if so, to enter written findings of fact and conclusions of law supporting the imposition of sanctions.

11

VII. CR 54(d)

Earl argues that the trial court erred by awarding XYZPrinting fees and costs in violation of CR 54(d)'s 10-day time limit. Because XYZPrinting complied with the plain language of CR 54(d), we disagree.

"'Interpretation of a court rule is a question of law, subject to de novo review.'" *Mitchell v. Wash. Inst. of Pub. Policy*, 153 Wn. App. 803, 821, 225 P.3d 280 (2009) (quoting *Gourley v. Gourley,* 158 Wn.2d 460, 466, 145 P.3d 1185 (2006)). "Court rules are interpreted in the same manner as statutes. If the rule's meaning is plain on its face, we must give effect to that meaning as an expression of the drafter's intent." *Jafar v. Webb*, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013). Where a court rule is ambiguous, we look to the drafter's intent by "'reading the rule as a whole, harmonizing its provisions, and using related rules to help identify the legislative intent embodied in the rule.'" 177 Wn.2d at 526-27 (quoting *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007)).

Washington's CR 54(d) states, in relevant part:

Costs, Disbursements, Attorneys' Fees, and Expenses.
. . . .
(2) *Attorneys' Fees and Expenses*. Claims for attorneys' fees and expenses, other than costs and disbursements, shall be made by motion unless the substantive law governing the action provides for the recovery of such fees and expenses as an element of damages to be proved at trial. Unless otherwise provided by statute or order of the court, the motion must be filed no later than 10 days after entry of judgment.

CR 54(d)(2) clearly requires claims for attorney fees and expenses be filed no later than 10 days after entry of judgment. Here, XYZPrinting expressly moved the court for costs and fees when it filed its motion for summary judgment on September 15, 2014. Nothing in the text of CR 54, nor related rules, suggests that the substance of XYZPrinting's motion, or the manner

in which it was submitted, fails to comply with the requirements set forth in CR 54(d)(2). See

*North Coast Elec. Co. v. Signal Elec., Inc.*, No. 47618-5-II, 2016 WL 2343172, at *3 (Wash. Ct.

App. Apr. 26, 2016).

When the trial court granted XYZPrinting's motion for summary judgment, it explicitly

granted XYZPrinting attorney fees and costs, but stayed the award pending Earl's acceptance of

a settlement. When Earl refused to accept the settlement offer, XYZPrinting brought its motion

to set the amount of fees and costs. XYZPrinting's motion to set the amount of fees and costs

pursuant to the order granting summary judgment was not a CR 54(d)(2) motion, as Earl

describes it, rather it was simply a request that the court calculate the amount of fees and costs

already authorized.

We hold that XYZPrinting's inclusion of its request for attorney fees in its motion for

summary judgment complied with the plain language of CR 54(d)(2) because it claimed attorney

fees and expenses, was made by motion, and that motion was filed not later than 10 days after

judgment was entered. CR 54(d)(2). Therefore, Earl's argument on this ground fails.

VIII. FAILURE TO SANCTION OPPOSING COUNSEL

Earl also argues that the superior court violated his due process rights by failing to

sanction opposing counsel. We disagree.

Despite Earl's attempt to cast this argument in a constitutional light, we review the

superior court's decision not to impose CR 11 sanctions for an abuse of discretion. *Biggs*, 124

Wn.2d at 197. The trial court abuses its discretion when its decision is based on untenable

grounds or reasons. *Clarke v. Office of the Attorney General*, 133 Wn. App. 767, 777, 138 P.3d

144 (2006). A trial court abuses its discretion when it relies on unsupported facts, adopts a view

that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

Most of Earl's argument on this issue consists of his simply naming documents contained within the record wherein he lists examples of alleged misconduct by opposing counsel. Merely listing documents in the record is insufficient to carry Earl's burden on appeal, and we do not address those insufficiently argued claims. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Of his claims which may be sufficiently argued, Earl lists some specific examples of opposing counsel's alleged misconduct, but of these examples, none had yet occurred at the time the superior court ruled on Earl's motions for sanctions. Earl contends that opposing counsel "perpetuate[s] fraud" on the court by referring to the memorandum opinion on reconsideration entered by the superior court as "signed" in her motions and at the hearing on Earl's CR 60 motion to vacate on February 6, 2015. Br. of Appellant at 34. Earl also contends that opposing counsel's statement to the superior court at the reconsideration hearing—pointing out Earl's litigious history—warranted sanctions. Not only are the statements Earl criticizes not misconduct, these statements were made well after the superior court denied Earl's motion for sanctions on November 10, 2014. It would be illogical to hold that the superior court abused its discretion by failing to impose sanctions for behavior that had yet to occur.

Earl claims that opposing counsel's "reprehensible conduct, and the extreme prejudice Mr. Earl has suffered as a result, clearly warrants harsh sanctions . . . . The trial court's failure to curb misconduct of this magnitude amounts to little more than a frontal assault on Mr. Earl's right to due process and access to the courts." Br. of Appellant at 39. But neither the record nor

14

Earl's argument supports such a bold allegation. We find no abuse of superior court discretion in denying Earl's request for sanctions under CR 11.

IX. MOTION TO COMPEL DISCOVERY

Earl next argues that the superior court violated his due process rights by denying Earl's motion to compel discovery.[5] We disagree.

The decision to grant or deny a motion to compel discovery is within the discretion of the trial court, and we will not reverse the decision absent an abuse of discretion. *Clarke*, 133 Wn. App. at 777. The trial court abuses its discretion when its decision is based on untenable grounds or reasons. 133 Wn. App. at 777.

Earl filed his motion to compel discovery on October 10, 2014. However, prior to his motion to compel discovery, Earl had filed a cross motion for summary judgment on September 18, 2014. In his motion for summary judgment, Earl stated:

> The Plaintiff intended to move for summary judgment on completion of discovery, as the Plaintiff reasonably believes the Defendant is in possession of documents, information and witness testimony that would aid the Plaintiff in supporting his case. However, in the course of preparing a response to the Defendant's Motion for Summary Judgment, *after reviewing the evidence already in the Plaintiff's possession, and on further study of relevant statutes, rules and precedent, the Plaintiff believes the case is sufficiently well developed to warrant filing this Motion for Summary Judgment*, in spite of the fact that Plaintiff would have preferred to do so after the production of information currently being withheld by the Defendant.

---

[5] Earl does not explain how a denial of his motion to compel discovery violated his due process rights.

15

CP at 87-88 (emphasis added). The superior court validly relied on Earl's statement in concluding that the evidentiary posture of the case was sufficient for the court to consider the motions for summary judgment.[6]

On appeal, Earl fails to explain why, contrary to his assertion in his cross motion for summary judgment, further discovery was necessary or would have helped him to defeat summary judgment. Moreover, he offers no argument that the denial of his motion was an abuse of discretion. His argument fails.

## X. CONDITIONAL CHANGE OF VENUE

Earl also argues that the superior court erred by denying his conditional motion for change of venue. We disagree.

Earl's conditional motion for change of venue asked the superior court to prematurely rule that in the event his appeal was remanded for further proceedings that those further proceedings be conducted in King County. The superior court did not abuse its discretion by not addressing this motion because the superior court has no duty to address premature motions.

## ATTORNEY FEES

Finally, Earl requests costs and fees pursuant to RAP 14.2, RAP 18.1, and RCW 4.84. Because Earl is not a substantially prevailing party, we reject his request.

XYZPrinting also requests attorney fees and costs pursuant to RAP 18.1 and RAP 18.9 on the basis that Earl's appeal is frivolous. Because we reverse the superior court's imposition of CR 11 sanctions against Earl, we hold that Earl's appeal was not frivolous and therefore deny XYZPrinting's request for attorney fees and costs.

---

[6] As of September 10, 2014, XYZPrinting had sent responses to Earl's first interrogatories and requests for production. The parties conducted a discovery conference on September 16, 2014.

16

No. 47034-9-II

In conclusion, of the three orders Earl appeals, we affirm the order granting XYZPrinting's motion for summary judgment, and the decision denying Earl's motion for reconsideration of the summary judgment order. However, because the superior court failed to properly specify any findings or conclusions supporting its imposition of CR 11 sanctions against Earl, we reverse the order imposing sanctions, and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, C.J.

_____
Lee, J.

17